**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| TIERRA WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) **Case No.:** |
| | ) |
| v. | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| VAN RU CREDIT CORPORATION, | ) |
| | ) **(Unlawful Debt Collection Practices)** |
| Defendant. | ) |
| | ) |
| | ) |

## **COMPLAINT**

TIERRA WILLIAMS ("Plaintiff"), by and through her attorneys, Kimmel & Silverman, P.C., alleges the following against VAN RU CREDIT CORPORATION ("Defendant"):

### **INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA").

### **JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Maryland, therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Baltimore, Maryland.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a corporation with its principal place of business located at 1350 East Touhy Avenue, Suite 300, Des Plaines, Illinois 60018.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. At all relevant times herein, Defendant was attempting to collect a consumer debt allegedly owed to Good Samaritan Emergency Hospital and contacted Plaintiff in its attempts to collect that debt.

11. Plaintiff never incurred any debt in connection with a business or commercial activities and therefore the debt if truly an obligation owed by her could only have arisen from a financial obligation primarily for personal, family, or household purposes.

12. By way of background, Defendant began calling Plaintiff in September 2015.

13. At that time, Plaintiff told Defendant to stop calling.

14. However, Defendant ignored Plaintiff and between September 2015 and October 2015, Defendant placed repeated and continuous harassing calls to Plaintiff's cellular telephone.

15. Plaintiff often received these calls while she was at work, which was inconvenient for her.

16. Ultimately, in order to get the calls to stop Plaintiff had to download a call

blocking application to her cellular telephone.

17. Defendant's actions, as described herein, were taken with the intent to mislead, harass, and coerce payment from Plaintiff.

**COUNT I**
**DEFENDANT VIOLATED §§ 1692d and 1692d(5) OF THE FDCPA**

18. A debt collector violates section 1692d of the FDCPA by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

19. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

20. Defendant violated section 1692d of the FDCPA by calling Plaintiff repeatedly on her cellular telephone and more specifically, after she told Defendant to stop call, with the intent to annoy, abuse, and harass Plaintiff.

WHEREFORE, Plaintiff, TIERRA WILLIAMS, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, TIERRA WILLIAMS, demands a jury trial in this case.

<table>
<tr><td></td><td>Respectfully submitted,</td></tr>
<tr><td>DATED: October 6, 2016</td><td>By: /s/ Amy L. Bennecoff Ginsburg<br>Amy L. Bennecoff Ginsburg, Esquire<br>Kimmel & Silverman, P.C.<br>30 E. Butler Avenue<br>Ambler, PA 19002<br>Tel: 215-540-8888<br>Fax: 215-540-8817<br>Email: aginsburg@creditlaw.com<br>Attorney for the Plaintiff</td></tr>
</table>